IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **Orbit Licensing LLC,**<br><br>     Plaintiff,<br><br>     v.<br><br>**OnApp, Inc.,**<br><br>     Defendant. | Case No.<br><br>Patent Case<br><br>Jury Trial Demanded |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Orbit Licensing LLC ("Plaintiff"), through its attorneys, complains of OnApp, Inc. ("Defendant"), and alleges the following:

**PARTIES**

1. Plaintiff Orbit Licensing LLC is a company established in Texas with its principal place of business at 15922 Eldorado Pkwy, Suite 500-1679, Frisco, TX 75035.

2. Defendant OnApp, Inc. is a corporation organized and existing under the laws of Delaware that maintains an established place of business at 6975 Union Park Avenue, Suite 600, Cottonwood Heights, Utah, 84047. Defendant can be served through its registered agent, Cogency Global Inc., at 850 New Burton Road, Suite 201, Dover, Kent, DE, 19904.

**JURISDICTION**

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District and is incorporated in this District's state. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

## VENUE

6. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has committed acts of patent infringement in this District and is incorporated in this District's state.

## PATENTS-IN-SUIT

7. Plaintiff is the assignee of all right, title and interest in United States Patent Nos. 9,497,035 (the "'035 Patent") and 9,578,040 (the "'040 Patent") (collectively "the Patents-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patents-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patents-in-Suit by Defendant.

## THE '035 PATENT

8. The '035 Patent is entitled "Method, device, and system for playing media based on P2P," and issued on November 15, 2016. A true and correct copy of the '035 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

9. The '035 Patent is valid and enforceable.

10. Plaintiff is the owner of the '035 Patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '035 patent against infringers, and to collect damages for all relevant times.

## THE '040 PATENT

11. The '040 Patent is entitled "Packet receiving method, deep packet inspection device and system," and issued on February 21, 2017. A true and correct copy of the '040 Patent is attached hereto as Exhibit 2 and incorporated herein by reference.

12. The '040 Patent is valid and enforceable.

13. Plaintiff is the owner of the '040 Patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '040 patent against infringers, and to collect damages for all relevant times.

## COUNT 1: INFRINGEMENT OF THE '035 PATENT

14. Plaintiff incorporates the above paragraphs herein by reference.

15. **Direct Infringement**. Defendant has directly infringed one or more claims of the '035 Patent in at least this District by having made, used, offered to sell, sold and/or imported, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '035 Patent also identified in the charts incorporated into this Count below (the "Exemplary '035 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '035 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

16. Defendant also has directly infringed, literally or under the doctrine of equivalents, the Exemplary '035 Patent Claims, by having its employees internally test and use these Exemplary Products.

17. Exhibit 3 includes charts comparing the Exemplary '035 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '035 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '035 Patent Claims.

18. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 3.

19. Plaintiff is entitled to recover damages adequate to compensate for Defendants infringement.

### COUNT 2: INFRINGEMENT OF THE '040 PATENT

20. Plaintiff incorporates the above paragraphs herein by reference.

21. **Direct Infringement**. Defendant has directly infringed one or more claims of the '040 Patent in at least this District by having made, used, offered to sell, sold and/or imported, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '040 Patent also identified in the charts incorporated into this Count below (the "Exemplary '040 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '040 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

22. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '040 Patent Claims, by having its employees internally test and use these Exemplary Products.

23. Exhibit 4 includes charts comparing the Exemplary '040 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '040 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '040 Patent Claims.

24. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 4.

25. Plaintiff is entitled to recover damages adequate to compensate for Defendants infringement.

## JURY DEMAND

26. Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A. A judgment that the '035 Patent is valid and enforceable

B. A judgment that the '040 Patent is valid and enforceable

C. A judgment that Defendant has infringed directly one or more claims of the '035 Patent;

D. A judgment that Defendant has infringed directly one or more claims of the '040 Patent;

E. An accounting of all damages not presented at trial;

F. A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendants past infringement with respect to the '035 Patent.

G. A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendants past infringement with respect to the '040 Patent.

H. And, if necessary, to adequately compensate Plaintiff for Defendants infringement, an accounting:

    i. that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys fees against Defendant that it incurs in prosecuting this action;

    ii. that Plaintiff be awarded costs, and expenses that it incurs in prosecuting this action; and

    iii. that Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: June 30, 2021

Respectfully submitted,

/s/ David W. deBruin
David W. deBruin (#4846)
GAWTHROP GREENWOOD, PC
3711 Kennett Pike, Suite 100
Wilmington, DE 19807
302-777-5353
ddebruin@gawthrop.com

**Counsel for Orbit Licensing LLC**